Sabatino R. CORRADO et al.

v.

PIZZA HUT OF AMERICA et al.

No. 95–347–Appeal.

Supreme Court of Rhode Island.

Oct. 3, 1996.

Guy Settipane, Providence.

Mark T. Reynolds, Donald Migliori, Providence.

### ORDER

This case came before a hearing panel of this Court for oral argument on September 25, 1996, pursuant to an order that directed both parties to appear and show cause why the issues raised by Wheatland Construction Company's (Wheatland) appeal from the final entry of summary judgment in favor of Paul St. Amand Designers and Builders, Inc. (St. Amand) in the Superior Court should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On January 25, 1990, the plaintiff, Sabatino R. Corrado (Corrado), allegedly sustained injuries after he fell on a concrete stairway exit ramp while leaving Pizza Hut, Inc.'s (Pizza Hut) establishment in Warwick, Rhode Island. He asserts that his fall was caused by a piece of metal or an angle iron that was protruding from the edge of the ramp. In an attempt to recover for his injuries sustained in the fall, Corrado and his wife, Carol Corrado, (collectively, the plaintiffs) filed suit against Pizza Hut, Pizza Hut of America, Inc., N.E. Pizza Hut Corp. and its successors and assigns. Maverick Restaurant Corporation and its successors and assigns, Wheatland Construction Company, W. Yoder Associates, Paul St. Amand Designers and Builders, Inc. and the City of Warwick. Among the other allegations in the plaintiffs' second amended complaint, the plaintiffs asserted that St. Amand was negligent "in failing to properly design and supervise activities and plans, such that the entry/exit stairway ramp at the Pizza Hut Restaurant was erected in a dangerous and unsafe manner." St. Amand was also the subject of a cross-claim filed by Wheatland for indemnity and/or contribution.

St. Amand filed a motion for summary judgment on February 17, 1995. In its motion, St. Amand asserted that it was entitled to summary judgment on both the plaintiffs' complaint and on Wheatland's cross-claim for indemnity and/or contribution because the ramp was not constructed according to the plans it submitted and it had no role in the actual construction of the ramp. The motion was heard and granted on March 27, 1995 and a final judgment was entered on April 3, 1995. Wheatland appealed from that judgment.

Wheatland now asserts that the deposition testimony of the owner of St. Amand demonstrates that St. Amand was involved in the ramp construction project from December 30, 1987 through October 14, 1988. Moreover, Wheatland highlights the fact that St. Amand signed the building permit application for the ramp. These facts, Wheatland argues, were sufficient to establish the existence of a genuine issue of material fact with regard to St. Amand's possibly negligent participation in the ramp project and the summary judgment motion, consequently, should have been denied. We disagree.

The hearing justice concluded, and we agree, that St. Amand's participation in the ramp construction project was limited to the design and preparation of plans and drawings for the construction of the ramp at Pizza Hut. There was no evidence submitted to the hearing justice that suggested that St. Amand had any control over the actual construction of the ramp. Conversely, the only evidence presented to the hearing justice was St. Amand's affidavit which explained that even though the plans for the construction of the ramp were completely in compliance with the City of Warwick's Building Code, the ramp was not actually constructed according those plans. Moreover, St. Amand stated in the affidavit that alterations were made to the ramp during the course of construction

and those alterations differed from the plans drafted by St. Amand. The evidence of the duration of St. Amand's participation in the project and St. Amand's signature on the building permit signed prior to the construction of the ramp do not contradict any of the statements made in St. Amand's affidavit and, accordingly, do not create any genuine issues of material fact that would be sufficient to defeat a summary judgment motion.

For the foregoing reasons, Wheatland's appeal is hereby denied and dismissed. The summary judgment appealed from is affirmed, and the papers in the case may be remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.